**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MICHELLE J. WHITE,<br><br>   Plaintiff,<br><br>   v.<br><br>FCA US LLC,<br><br>   Defendant. | Case No. 22-cv-00954-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES**<br><br>[Re: ECF No. 57] |

Before the Court is Plaintiff Michelle J. White's ("Plaintiff") Motion for Attorneys' Fees, Costs, and Expenses ("Motion") along with a corresponding bill of costs. ECF 57. Defendant FCA US LLC ("Defendant") has opposed the Motion. ECF 60. Plaintiff has replied. ECF 61. For the following reasons, Plaintiff's Motion for Attorney Fees, Costs, and Expenses is GRANTED IN PART and DENIED IN PART.

**I.   BACKGROUND**

Plaintiff filed this case in this Court on February 16, 2022. ECF 1. As relevant here, Plaintiff alleged that Defendant violated the Song-Beverly Act by knowingly selling her a vehicle with defects that violated its express and implied warranties. *See generally id.* On October 11, 2023, the parties notified the Court that they settled this case. ECF 45. On April 4, 2024, Plaintiff notified the Court that full terms of the settlement had not yet occurred. ECF 53. Although Defendant had paid Plaintiff the full settlement amount and Plaintiff had surrendered his vehicle to Defendant, the parties could not agree upon an amount of attorneys' fees, costs and expenses to be paid by Defendant. *See id.* This Motion followed. ECF 57.

## II. LEGAL STANDARD

Because this Court exercises diversity jurisdiction in this case, "state law governs both the right to recover attorney's fees and the computation of their amount." *Collado v. Toyota Motor Sales, U.S.A., Inc.*, 550 F. App'x 368, 369-70 (9th Cir. 2013). Under California Civil Code Section 1794 ("Section 1794"), the "prevailing buyer" in a Song-Beverly Act "shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on the actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such an action." Cal. Civ. Code § 1794(d). This fee provision was designed to provide "injured consumers strong encouragement to seek legal redress in a situation in which a lawsuit might not otherwise have been economically feasible." *Murillo v. Fleetwood Enterprises, Inc.*, 17 Cal. 4th 985, 994 (1998).

Courts calculate attorneys' fees under Section 1794(d) using the "lodestar adjustment method." *Robertson v. Fleetwood Travel Trailers of Cal., Inc.*, 144 Cal. App. 4th 785, 818 (2006). The lodestar method requires a trial court to first determine "a lodestar figure based on a careful compilation of the actual time spent and reasonable hourly compensation for each attorney." *Id.* Under the Song-Beverly Act, actual time spent "is limited to actual hours both expended and determined by the court to be reasonably incurred." *Reynolds v. Ford Motor Co.*, 47 Cal. App. 5th 1105, 1112 (2020). "Reasonable hourly compensation is based on 'prevailing hourly rates' in the community, thereby 'anchoring the calculation' to an objective standard." *Id.* (citing *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001)). Once the lodestar figure (reasonable number of hours expended multiplied by the reasonable hourly compensation) has been ascertained, it may be adjusted by applying a multiplier based on factors including: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." *Reynolds*, 47 Cal. App. 5th at 1112.

"In order for the trial court to determine a reasonable rate and a reasonable number of hours spent on a case, a party must present some evidence to support its award request." *Cruz v. Fusion*

2

*Buffet, Inc.*, 57 Cal. App. 5th 221, 237 (2020). The prevailing party bears "the burden of showing that the fees incurred were reasonably necessary to the conduct of the litigation, and were reasonable in amount." *Robertson*, 144 Cal. App. 4th at 817–18. If the prevailing party meets his initial burden, "[t]he party opposing the fee award can be expected to identify the particular charges it considers objectionable." *Gorman v. Tassajara Dev. Corp.*, 178 Cal. App. 4th 44, 101 (2009). "A reduced award might be fully justified by a general observation that an attorney overlitigated a case or submitted a padded bill or that the opposing party has stated valid objections." *Id.*

### III. DISCUSSION

The parties do not dispute that Plaintiff is entitled to attorneys' fees under Section 1794 as the prevailing party in this case. Here, Plaintiff requests an award of fees per Section 1794(d) under the "lodestar" method in the amount of $56,895.00, (2) a "lodestar" multiplier of 1.5, in the amount of $28,477.50, for a total award of $85,342.50 in fees; and (3) for an award of actual costs and expenses incurred in the amount of $11,393.55. ECF No. 61 at 6. Defendant contends that the lodestar figure requested by Plaintiff is excessive and that a positive multiplier is not warranted in this case. ECF 60. The Court will address each one of Plaintiff's requests in turn.

#### A.   Attorneys' Fees Request

To assess the reasonableness of Plaintiff's requested amount of attorneys' fees, the Court will first consider the reasonableness of the number of hours expended by Plaintiff's attorneys, then address the reasonableness of the attorneys' hourly rates, and finally consider whether a positive lodestar multiplier is warranted.

##### 1.   Reasonableness of Number of Hours Expended

To determine the reasonableness of the number of hours expended, the Court must first determine the actual time expended, and then "ascertain whether, under all the circumstances of the case, the amount of actual time expended and the monetary charge being made for the time expended are reasonable." *Nightingale v. Hyundai Motor Am.*, 31 Cal. App. 4th 99, 104 (1994). In doing so, the Court may consider factors such as "the complexity of the case and procedural demands, the skill exhibited, and the results achieved." *Id.* The prevailing party "must affirmatively demonstrate that the hours spent were reasonable and necessary." *Save Our Uniquely Rural Comty. Env't v. Cnty.*

*of San Bernardino*, 235 Cal. App. 4th 1179, 1186 (2015). "The evidence should allow the court to consider whether the case was overstaffed, how much time the attorneys spent on particular claims, and whether the hours were reasonably expended." *Christian Rsch. Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1320 (2008). Once the prevailing party satisfies its initial burden, the party challenging the reasonableness of the attorneys' fees must "point to the specific items challenged, with a sufficient argument and citations to the evidence." *Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guarantee Ass'n*, 163 Cal. App. 4th 550, 564 (2008). "General arguments that fees claimed are excessive, duplicative, or unrelated" are not sufficient to satisfy the challenging party's burden. *Id.* "If the time expended or the monetary charge being made for the time expended are not reasonable under all the circumstances, then the court must take this into account and award attorney fees in a lesser amount." *Nightingale*, 31 Cal. App. 4th at 104.

The Court points out that there are discrepancies in Plaintiff's motion and the exhibits attached therein. *Compare* ECF 57 at 2-3 (stating 6.0 hours was expended on pleadings and 8.7 hours was expended on motion to compel deposition) *with* ECF 57-1, Declaration of Amy R. Rotman ("Rotman Decl."), Ex. 1 (stating 6.5 hours was expended on pleadings and 6.7 hours was expended on motion to compel deposition); *see also* ECF 57-1, Rotman Decl., Ex. 1 (total hours does not match with the sum of the itemized hours listed in column "Hours"). These discrepancies are relatively minor and have not been objected to by Defendant. ECF 60. Thus, for the purpose of this Order, the Court reviews the expended hours based on the declaration ("Wirtz Decl.") submitted by Mr. Richard M. Wirtz ("Mr. Wirtz"), the managing attorney of Plaintiff's law firm. ECF 57-2.

Here, Mr. Wirtz attests under penalty of perjury that 151.5 hours has been expended by four attorneys and two paralegals. ECF 57-2, Wirtz Decl. He also attaches a copy of the invoice detailing how the hours were expended. *Id.*, Ex. 1. Among the 151.5 hours, Attorney Rotman billed 60.7 hours, Attorney Underwood billed 35.8 hours, Attorney Friday billed 0.3 hours, Attorney Mellgren billed 8.4 hours, Paralegal Evans billed 40.7 hours, and Paralegal Vitanatchi billed 5.6 hours. *See id.* Among the 151.5 hours, 29.1 hours were billed for internal communication for which Plaintiff does not seek payment. *See id.* at Ex. 9; ECF 57 at 1 ("There is no charge for the time Plaintiff's counsel spent communicating about this case among themselves."). Among the non-charged internal

4

1  communications, Attorney Rotman billed 13.2 hours, Attorney Underwood billed 6.3 hours,
2  Attorney Mellgren billed 0.9 hours, Paralegal Evans billed 7.7 hours, and Paralegal Vitanatchi billed
3  1.0 hour. *See* ECF 57-2, Wirtz Decl., Ex. 1 at 25, Ex. 9. Thus, Plaintiff is seeking fees for 122.4
4  hours expended by her attorneys and paralegals. Among the 122.4 hours sought, Attorney Rotman
5  billed 47.5 hours, Attorney Underwood billed 29.5 hours, Attorney Friday billed 0.3 hours, Attorney
6  Mellgren billed 7.5 hours, Paralegal Evans billed 33.0 hours, and Paralegal Vitanatchi billed 4.6
7  hours. *See* ECF 57-2 Wirtz Decl., Ex. 1 at 25.

8        The Court finds that Plaintiff has met her initial burden of demonstrating that the fees for
9  122.4 hours expended by the attorneys and paralegals in this case are presumably reasonable. *See*
10  *Serrano v. Unruh*, 32 Cal. 3d 621, 631 (1982). Defendant contends that the number of hours billed
11  by Plaintiff's attorneys is unreasonable for several reasons. The Court will address each of
12  Defendant's arguments in turn.

13        First, Defendant argues that 32.5 hours billed for client communication is excessive because
14  Plaintiff failed to explain how those hours furthered the litigation. ECF 60. In response, Plaintiff's
15  attorney explains that those hours were needed to fulfill the duty of communication with Plaintiff
16  who "was an unsophisticated litigant." ECF 61 at 2. Defendant only identified 3.4 hours billed by
17  Paralegal Evans to update Plaintiff after settlement was reached as unreasonable. *See id.*
18  Additionally, the Court notes that senior attorneys Rotman and Underwood each billed nearly 30%
19  of their time for client communication. *See* ECF 61-2, Wirtz Decl., Ex. 10 (stating Attorney Rotman
20  billed 14.5 hours and Attorney Underwood billed 10.9 hours, respectively, for client
21  communication). "Work entries are inadequately vague when the district court is unable to discern
22  how the time spent is attributable to the case at hand." *Center for Food Safety v. Vilsack*, No. C-08-
23  00484 JSW, 2011 WL 6259891, at *8 (N.D. Cal. Oct. 13, 2011); *see Kries v. City of San Diego*, No.
24  17-cv-1464-GPC-BGS, 2021 WL 120830, at *9 (S.D. Cal. Jan 13, 2021) ("Although attorneys owe
25  a duty to their clients to effectively communicate . . . the Court's mandate is to determine whether
26  the hours were reasonably expended, not whether the time spent was in line with each attorney's
27  regular practice."). The Court finds that the client communication hours are excessive in the context
28  of all of the work performed in this relatively straight-forward Lemon Law case and reduces the

1  recoverable hours by 1.4 hours for Paralegal Evans and by 20% for Attorneys Rotman and
2  Underwood (-2.9 hours for Attorney Rotman and -2.2 hours for Attorney Underwood).

3        Second, Defendant argues that 4.6 hours billed for research is excessive because the research
4  appears to be factual in nature and should be conducted by a paralegal instead of Attorney Rotman,
5  who is Plaintiff's lead trial attorney. ECF 60 (citing ECF 57-2, Wirtz Decl., Ex. 11). Plaintiff
6  contends that the hours were reasonably billed by Attorney Rotman to investigate the facts when
7  drafting the complaint and to enforce Rule 68 offer when Defendant failed to perform its duty. ECF
8  61. The Court finds that all the individual entries are reasonable for investigating facts for the
9  complaint and for conducting legal research. ECF 57-2, Wirtz Decl., Ex. 11. Thus, the Court finds
10 those hours were reasonably expended and shall be awarded in full.

11       Third, Defendant challenges that 4 hours billed between June and October 2021, which was
12 before the case's commencement in February 2022, is erroneous because Plaintiff declared that fees
13 from the prior state court proceeding were removed. ECF 60 (citing ECF 57-2, Wirtz Decl., Ex. 11).
14 Plaintiff explains that the hours were billed for engagement and for drafting the complaint that was
15 ultimately filed in this case. ECF 61. The Court finds that, while the challenged entries do not specify
16 if the hours were billed for drafting complaint for the prior state court proceeding or for this case,
17 Defendant failed to meet its burden to prove that those entries were not for time spent on this case.
18 ECF 57-2, Wirtz Decl., Ex. 12 at 1. Thus, the Court finds those hours were reasonably expended
19 and shall be awarded in full.

20       Fourth, Defendant argues that 2 hours billed by Paralegal Evans to draft the cover sheet and
21 summons and to file the complaint is excessive. ECF 60 (citing ECF 57-2, Wirtz Decl., Ex. 12). It
22 is unclear which 2 hours in the invoice Defendant is referring to. Paralegal Evans billed
23 approximately 0.9 hours on February 16, 2022 to draft, review, revise and file summons, civil cover
24 sheet and the complaint. ECF 57-2, Wirtz Decl., Ex. 12. Because Defendant has failed to "point to
25 the specific items challenged," it has failed to satisfy its burden of showing that the contested 2
26 hours are excessive. *Premier Med.*, 163 Cal. App. 4th at 564 ("In challenging attorney fees as
27 excessive because too many hours of work are claimed, it is the burden of the challenging party to
28 point to the specific items challenged, with a sufficient argument and citations to the evidence.").

1   Thus, the Court finds those hours were reasonably expended and shall be awarded in full.

2           Fifth, Defendant argues that hours billed to prepare repair orders should have been
3   performed by a paralegal in lieu of Attorney Rotman. ECF 60 (citing ECF 57-2, Wirtz Decl., Ex.
4   13). Plaintiff argues that the repair order task was billed by Paralegal Evans while Attorney Rotman
5   billed time for drafting and editing the damages chart used in settlement. ECF 61. The Court agrees
6   with Plaintiff. Plaintiff's invoice states that attorney Rotman billed time to "draft, review, and revise
7   damage spreadsheet" as opposed to Plaintiff's alleged preparing repair order. ECF 57-2, Wirtz Decl.,
8   Ex. 13. Indeed, the sole entry on preparing repair order was billed by Paralegal Evans. *Id.* Thus, the
9   Court finds those hours were reasonably expended and shall be awarded in full.

10          Sixth, Defendant argues that Plaintiff's bill includes tasks, such as "filing documents, filling
11  out forms, and other routine office/clerical work," that are "generally not recoverable in a motion
12  for attorney's fees.'" ECF 60 (citing *Messih v. Mercedes-Benz USA, LLC*, No. 21-cv-03032-WHO,
13  2023 WL 137466, at *3 (N.D. Cal. Jan. 9, 2023)). Courts have found that "purely clerical tasks,"
14  such as filing and serving documents and calendaring, "are not recoverable as attorneys' fees
15  regardless of the nature of the case or who is performing them." *See Int'l Refugee Assistance Project*
16  *v. Kelly*, No. 2:17-cv-01761-JLS-(AFMX), 2017 WL 3263870, at *7 (C.D. Cal. July 27, 2017); *see*
17  *also Messih*, 2023 WL 137466, at * 3 (eliminating billed time for clerical work including
18  downloading, preparing, and/or e-filing documents). But Defendant did not specify the entries it
19  was referring to, thus leaving the Court to rummage through the timesheets to locate clerical tasks.
20  On this basis, the Court finds the Defendant has failed to meet its burden to specify the "items
21  challenged, with a sufficient argument and citations to the evidence." *Premier Med.*, 163 Cal. App.
22  4th at 564. Thus, the Court finds those hours were reasonably expended and shall be awarded in
23  full.

24          Finally, Defendant argues that nine hours expended on drafting and arguing Plaintiff's
25  attorneys' fee motion is unreasonable. ECF 60. The Court disagrees with Defendant because
26  California Supreme Court frequently awards time expended for the attorneys' fee motion. *See, e.g.,*
27  *Robertson v. Fleetwood Travel Trailers of Calif. Inc.*, 144 Cal. App. 4th 785, 817 (2006) (awarding
28  attorneys' fees for a attorneys' fee motion); *Serrano*, 32 Cal. 3d at 631 ("[T]he time expended by

attorneys in obtaining a reasonable fee is justifiably included in the attorneys' fee application, and in the court's fee award."). Thus, the Court finds the hours expended preparing for and drafting this Motion were reasonable and shall be awarded in full. However, because this Motion was submitted without oral argument and the hearing for this Motion was vacated, the Court disallows the 1 hour entry for "Motion for Attorney's Fees: Attend Hearing on Motion for Attorney's Fees [Anticipated]" to be billed by Attorney Rotman for the anticipated hearing. ECF 62; ECF 57-2, Wirtz Decl., Ex. 1 at 24; ECF 61-1, Wirtz Decl., Ex. 1 at 25.

The Court has reviewed Plaintiff's billing records at issue and concludes that, for the most part, the time billed was reasonably incurred in the prosecution of this case. But the Court finds that the 0.3 hours requested for Attorney Friday to "[take] a non-appearance record" are not reasonable. Mr. Friday's 18 minutes could not possibly have added value to the case. *See Alnor*, 165 Cal. App. 4th at 1320; ECF 57 at 3. Thus, the Court will disallow the 0.3 hours requested by Plaintiff for Attorney Friday.

For the above reasons, the Court will include in the lodestar calculation of an attorneys' fee award the following hours:

| Time Keeper | Hours Requested | Hours Awarded |
|---|---|---|
| Attorney Rotman | 47.5 | 43.6 |
| Attorney Underwood | 29.5 | 27.3 |
| Attorney Mellgren | 7.5 | 7.5 |
| Attorney Friday | 0.3 | 0 |
| Paralegal Evans | 33.0 | 31.6 |
| Paralegal Vitanatchi | 4.6 | 4.6 |

**2. Reasonableness of the Hourly Rates to be Applied**

In awarding the attorneys' fees under the Song-Beverly Act, the fee applicant is required to "produc[e] satisfactory evidence that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Base v. FCA US LLC*, No. 17-cv-01532-JCS, 2020 WL 363006, at *4 (N.D. Cal. Jan. 22, 2020). Here,

8

Plaintiff seeks the following rates for the various lawyers and paralegals involved in this case:

| Attorneys/Paralegals | Requested Hourly Rates |
|---|---|
| Attorney Rotman | $550.00 |
| Attorney Underwood | $550.00 |
| Attorney Mellgren | $450.00 |
| Attorney Friday | $400.00 |
| Paralegal Evans | $300.00 |
| Paralegal Vitanatchi | $250.00 |

*See* ECF 57-2, Wirtz Decl., Ex. 1 at 25. In his declaration, Mr. Wirtz describes the experience level and educational background of each of the attorneys and paralegals who worked on this matter. *See* ECF 57-2, Wirtz Decl. at 5-7. Attorney Rotman has been licensed in California since 2012, has worked on hundreds of Lemon Law cases, and has been second-chair in over twenty-six trials. *See id.* at 5. Attorney Underwood has been licensed in California since 2015, has workd on hundreds of Lemon Law cases, and has been second-chair in nine Lemon Law jury trials. *See id.* at 5-6. Attorney Friday earned his Juris Doctor in 2020 and has worked in the legal field since 2019. *See id.* at 6. Attorney Mellgren earned her Juris Doctor in 2022 and has worked as a legal intern and as a judicial clerk. *See id.* Paralegal Evans completed the ABA-Approved Paralegal Program in 2015 and has several years of experience in civil litigation. *See id.* at 7. Paralegal Vitanatchi completed her paralegal certificate in December 2022 and has worked as a paralegal since then. *See id.*

Mr. Wirtz declares that the billing rates of the attorneys and paralegals who worked on this case are "commensurate with the hourly rates charged by other attorneys with comparable experience in consumer rights law" as reported in the United States Consumer Law Attorney Fee Survey Report and have been approved by a number of courts in California. ECF 57-2, Wirtz Decl. at ¶¶23-26; Ex. 2-4.  Defendant did not challenge the hourly rates requested by Plaintiff. *See* ECF 60; ECF 61 at 4. Absent evidence to the contrary and based on the Court's experience in considering fee awards, the Court concludes that the hourly rates requested by Plaintiff are reasonable as those rates are repeatedly found reasonable by other courts involving attorneys with similar experience and training in the Northern District of California. *See U. Steelworkers of Am. v. Phelps Dodge*

*Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ("Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate."); ECF 57-2, Wirtz Decl., Ex. 4.

### 3. Lodestar Calculation

"The court tabulates the attorney fee touchstone, or lodestar, by multiplying the number of hours reasonably expended by the reasonable hourly rate prevailing in the community for similar work." *Christian Rsch. Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1321 (2008). Based on the number of hours reasonably expended and the hourly rates determined above, Plaintiff's attorney fee lodestar figures are calculated as follows:

| Attorney/Paralegals | Reasonably Expended Hours | Reasonable Hourly Rate | Lodestar Figure |
| --- | --- | --- | --- |
| Attorney Rotman | 43.6 | $550.00 | $23,980.00 |
| Attorney Underwood | 27.3 | $550.00 | $15,015.00 |
| Attorney Mellgren | 7.5 | $450.00 | $3,375.00 |
| Attorney Friday | 0 | $400.00 | 0 |
| Paralegal Evans | 31.6 | $300.00 | $9,480.00 |
| Paralegal Vitanatchi | 4.6 | $250.00 | $1,150.00 |
| | | | Total: $53,000.00 |

### 4. Lodestar Multiplier

After calculating the lodestar figure, the court may adjust it upward or downward "by applying a positive or negative 'multiplier' to take into account a variety of other factors." *Laffitte v. Robert Half Int'l Inc.*, 1 Cal. 5th 480, 489 (2016). Plaintiff requests the Court to apply a multiplier of 1.5 to the lodestar figure. ECF 57 at 9. Specifically, Plaintiff argues that the contingent nature of this case warrants the 1.5 multiplier because the attorneys are not paid at all if they lost the case and there is a delay in payment even if they won. *Id.* Defendant contends that the lodestar multiplier is

not appropriate because the Plaintiff made her request based solely on the fact that counsel took the case on a contingency basis. ECF 60 at 6.

The Court agrees with the Defendant. First, Plaintiff's attorneys specialize in the Song-Beverly Act cases, and there were no novel or particularly difficult questions involved in this case. This was a straightforward case with little discovery and only two substantive motions (to dismiss and to compel deposition) that were resolved without oral argument. *See* ECF 18; ECF 40. Indeed, as Plaintiff's attorneys admitted, due to their years of experience with lemon law cases, "a substantial amount of time was saved by not needing to draft each document from scratch and little time was needed to 'get up to speed.'" ECF 57-2, Wirtz Decl. at ¶9. Second, nothing in the record shows that this case precluded Plaintiff's attorneys from taking on other work. *See Messih*, 2023 WL 137466, at *3 (N.D. Cal. Jan. 9, 2023) (rejecting lodestar multiplier request from Plaintiff's attorneys' law firm because "[t]here is no indication that the nature of [Song-Beverly Consumer Warranty Act cases] precluded other employment by counsel."). Third, the contingent nature of this case does not weigh in favor of an upward multiplier because this factor alone is not a proper justification for an upward adjustment under California law. *See Glaviano v. Sacramento City Unified Sch. Dist.*, 22 Cal. App. 5th 744, 757 ("Although the attorney's fee agreement is relevant and may be considered, the agreement does not compel any particular award."); *see also, e.g., Messih*, 2023 WL 137466, at *3 (rejecting lodestar multiplier based solely on contingency because "[t]he hourly rate compensates for the contingent risk of the litigation."); *Covarrubias v. Ford Motor Co.*, No. 19-cv-01832-EMC, 2021 WL 3514095, at *5 (N.D. Cal. Aug. 10, 2021) (rejecting lodestar multiplier based solely on contingency because the Plaintiff's attorney's own description of the facts suggests the Plaintiff had a strong case). The Court is satisfied that the generous staffing of the case and significant number of hours billed by senior attorneys amply compensates Plaintiff's counsel for the low degree of risk taken on. Thus, the Court denies Plaintiff's request for a multiplier.

### B. Costs and Expenses

Section 1794(d) allows the prevailing party to recover both "costs" and "expenses" including those "reasonably incurred by the buyer in connection with the commencement and prosecution of [the legal] action." *Jensen v. BMW of N. Am., Inc.*, 35 Cal. App. 4th 112, 138 (1995). Here, Plaintiff

11

seeks to recover $11,393.55 in costs and expenses related to generating expert report and processing of Plaintiff's case. ECF 57, Ex. 32. Defendant did not object these costs and expenses. *See* ECF 60; ECF 61 at 5. The Court finds such costs and expenses to be reasonably incurred. *See Heffington v. FCA US LLC*, No. 2:17-cv-00317-DAD-JLT, 2020 WL 5017610, at *11-12 (E.D. Cal. Aug. 25, 2020) (finding fees reasonably incurred in a case brought under the Song-Beverly Act). Accordingly, Plaintiff's request for $11,393.55 in costs will be awarded in full.

### IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Plaintiff's motion for attorney's fees and costs is GRANTED IN PART as follows: Plaintiff SHALL recovery attorneys' fees in the amount of $53,000.00 and costs in the amount of $11,393.55, for a total award of $64,393.55.

(2) This order terminates ECF 57.

Dated:  September 20, 2024

_____
BETH LABSON FREEMAN
United States District Judge